## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                                        **Case No.  6:07-cr-52-Orl-19JGG**

**DERICK MASON**

_____

## ORDER

This case comes before the Court on Mr. Mason's Motion to Dismiss Indictment (Doc. No. 40, filed Apr. 30, 2007) and the Government's Response to Defendant's Motion to Dismiss (Doc. No. 41, filed May 2, 2007).

### Facts

Defendant Derick Mason is charged with failure to register as a convicted sex offender as required by the Sex Offender Registration and Notification Act ("SORNA")[1] in violation of 18 U.S.C. Section 2250.  (Doc. No. 23).

Defendant was convicted of Second Degree Sexual Assault on an eleven year old victim in the State of New York on December 6, 2001.  (Doc. No. 1, ¶ 2).  After his release, Defendant, a New York resident at the time, was required by New York law to register as a sex offender in New York or any other state in which he later resided.  (*Id.*)  Defendant registered as a sex offender with the State of New York in 2003.  (*Id.*)  Defendant subsequently moved to Orlando, Florida in November 2006.  (*Id.* at ¶¶ 3, 4).  Defendant did not register as a sex offender in Florida at that time.  (*Id.* at ¶ 5).  Defendant was indicted for failure to register as a sex offender as required by SORNA in

---

[1]        SORNA is codified as 42 U.S.C. Section 16901 *et seq.*

violation of 18 U.S.C. Section 2250(a).  (Doc. No. 23).

Defendant moves the Court to dismiss the underlying Indictment alleging that SORNA is unconstitutional on its face and as applied[2] and the Indictment is premature because the Attorney General has not decided whether the Act applies retroactively to criminal conduct committed before its enactment.  (Doc. No. 40, p. 2).  The Government opposes Defendant's Motion.  (Doc. No. 41).

### Relevant Statutory Provisions

SORNA is contained within the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. No. 109-248, which was enacted on July 27, 2006.  SORNA is intended "to protect the public from sex offenders and offenders against children . . . [and] establish[] a comprehensive national system for the registration of those offenders."[3]  42 U.S.C. § 16901.  SORNA requires that every jurisdiction maintain a sex offender registry that conforms to certain statutory requirements.  42 U.S.C. § 16912.

SORNA contains the following requirements on sex offender registration:

(a) In general

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

---

[2]     Defendant specifically alleges that the registration requirements violate the following provisions of the United States Constitution: (1) Non-delegation doctrine, Art. I, Section 1; (2) *Ex Post Facto* Clause, Art. I, Section 9, Clause 3; (3) Due Process Clause of the Fifth Amendment; and (4) Commerce Clause, Art. I, Section 8, Clause 3.  (Doc. No. 40, p. 2).

[3]     SORNA defines the term "sex offender" as "an individual who was convicted of a sex offense" and classifies all sex offenders into three different categories.  42 U.S.C. § 16911(1)-(4).

(b) Initial registration

The sex offender shall initially register--

> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

. . . .

(d) Initial registration of sex offenders unable to comply with subsection (b) of this section

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913. SORNA requires that all sex offenders update their information, including their residence, within three days of any change. 42 U.S.C. §§ 16913(c), 16914(a)(3). SORNA makes the required information available to the public through the internet. 42 U.S.C. §§ 16918-169120.

SORNA specifically mandates that states impose criminal penalties for violation of its provisions and makes the failure to register a federal crime. 42 U.S.C. § 16913(e); 18 U.S.C. § 2250. Specifically, the statute provides:

Whoever--

(1) is required to register under the Sex Offender Registration and Notification Act;
(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

-3-

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

## Analysis

I.    **Defendant's Challenges With Respect to the Retroactive Application of SORNA and its Registration Requirements.**

Defendant contends that SORNA violates the Non-delegation doctrine, Article I, Section 1, of the United States Constitution, because Congress impermissibly delegated the authority to decide whether the statute applies retroactively to the Attorney General.   (Doc. No. 40, p. 8). Alternatively, Defendant argues that the Indictment must be dismissed because the sex offense he committed occurred prior to the enactment of the Act.  (*Id.*).  According to Defendant, the Act cannot apply retroactively until the Attorney General passes a regulation to that effect.  (*Id.* citing 42 U.S.C. § 16913(d)).  Because the Attorney General has not decided to apply the Act retroactively, Defendant argues that he cannot be prosecuted for violating it.  (*Id.*)  Defendant's challenges are not well taken.    The Non-delegation doctrine does not prevent Congress from "obtaining the assistance of its coordinate Branches [of government]."  *Mistretta v. United States,* 488 U.S. 361, 372 (1989).  Congress can delegate its own legislative power provided that it provides "by legislative act an intelligible principle to which the person or body authorized to exercise the delegated authority is directed to conform."  *Id.* (internal quotations omitted).  The scope of permissible delegation must be governed by "common sense" and "the inherent necessities of the government co-ordination."  *Id.* (internal quotations omitted).

There is no improper delegation of legislative authority in the instant case. The Supreme Court has consistently found delegations of legislative authority constitutionally permissible when

"'Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority.'" *Mistretta*, 488 U.S. at 372-73 (quoting *Am. Power & Light, Co. v. SEC*, 329 U.S. 90, 105 (1946)).  Congress has clearly and explicitly set forth the purpose of SORNA in 42 U.S.C. Section 16901.  The fact that Congress has delegated the ability to specify the applicability of the registration requirements to sex offenders convicted before the statute's enactment, or its implementation in certain jurisdictions, or granted the Attorney General the power to promulgate regulations to ensure registration of individuals outside the purview of the statutory language, does not allow the Attorney General to decide if the statute will have retroactive application.  *See* 42 U.S.C. § 16913(d).  Rather, the statutory language is indicative of a gap-filling provision to insure the statutory purpose is effectuated when sex offenders fall outside the purview of Section 16913(b).

In its history, the Supreme Court has stricken only two statutes as violative of the Non-delegation doctrine, and both instances occurred in 1935.  *Mistretta v. United States,* 488 U.S. 361, 373 (1989); *see also Whitman v. Am. Trucking Assn.*, 531 U.S. 457, 474 (2001) (same); *United States v. Madera*, 474 F. Supp.2d 1257, 1261 (2006) (same).  The two cases in which the Supreme Court held that the statute at issue violated the Non-delegation doctrine are *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935) and *Panama Refining Co. v. Ryan*, 293 U.S. 388 (1935).  Since 1935, the Supreme Court has consistently upheld delegations of legislative authority.  *See, e.g., Mistretta,* 488 U.S. at 373-74 (citing cases).  The only support for the argument that SORNA violates the Non-delegation doctrine are Defendant's citations to the black letter law and holdings from *Schechter Poultry* and *Panama Refining*.  (*See* Doc. No. 40, pp. 8-9).  The Court declines to disagree with over seventy years of case law upholding congressional delegations of legislative

-5-

authority based on such limited support, especially when the law in question serves such a detailed and clearly delineated legislative purpose.

It is unnecessary to address Defendant's alternative arguments with respect to retroactive application in great detail because Defendant is not being punished for conduct that occurred before SORNA was enacted.  Even assuming that because Defendant's conviction occurred before SORNA was enacted would remove him from the language in 18 U.S.C. Section 2250(a)(1), the Indictment is sufficient because Defendant clearly was advised that he fell within the purview of 18 U.S.C. Section 2250(a)(2) on the basis of his New York conviction and registration requirement.  *See United States v. Manning,* 2007 WL 624037, *2  (W.D. Ark. Feb. 23, 2007) (denying motion to dismiss indictment of sex offender convicted prior to SORNA because failure to update registration as required by the law of the state in which he was convicted was a violation of 18 U.S.C. § 2250(a)(2)).  Based on the allegations of the Indictment, Defendant is a sex offender as defined by SORNA on the basis of his conviction in the State of New York.  42 U.S.C. § 16911(1).  Defendant traveled to Florida where he established residence, secured a driver's license, and was employed after the statute went into effect.  (Doc. No. 1, ¶¶ 5; Doc. No. 23, p. 1).  Defendant knowingly failed to register as a sex offender because Defendant's initial registration from New York State, which he signed, required him to register in another state if he moved his residence.  (Doc. No. 1, ¶ 2).  Moreover, Defendant was specifically told by New York law enforcement personnel that he needed to register as a sex offender in Florida if he chose to move there.  (*Id.* at ¶ 3).  Therefore, the Act is not being applied retroactively, and the prosecution of Defendant is not premature.

II.     **Defendant's Argument that Application of the Statute Violates the *Ex Post Facto* Clause.**

Additionally, Defendant argues that retroactively applying the registration requirement to him violates the *Ex Post Facto* Clause of the United States Constitution because it punishes him for conduct occurring before the SORNA's enactment. (Doc. No. 40, pp. 11-12). Article I, Section 9, Clause 3, of the United States Constitution prohibits *ex post facto* laws. "[T]he constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them." *Collins v. Youngblood,* 497 U.S. 37, 41(1990). In *Smith v. Doe,* 538 U.S. 84, 92 (2003), the Supreme Court addressed the issue as to whether "a sex offender registration and notification law constitutes retroactive punishment forbidden by the *Ex Post Facto* Clause." In its decision upholding the constitutionality of the statute, the Supreme Court outlined the following framework for courts to apply in addressing an *Ex Post Facto* Clause challenge:

> We must ascertain whether the legislature meant the statute to establish civil proceedings. If the intention of the legislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is so punitive either in purpose or effect as to negate the State's intention to deem it civil. Because we ordinarily defer to the legislature's stated intent, only the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty.

*Id.* (citations omitted).

SORNA's stated purpose is "to protect the public from sex offenders and offenders against children . . . [and] establish[] a comprehensive national system for the registration of those offenders," not to punish. 42 U.S.C. § 16901. Additionally, the entire statute, except for 18 U.S.C. Section 2250, is codified within Title 42 of the United States Code, which is devoted to "Public Health and Welfare." It is clear that Congress intended SORNA to be civil in nature. *See Smith,* 538 U.S. at 93-94 (stating that the desire to protect citizens is a legitimate civil purpose and noting that the codification of the statute within a civil section of the state code indicated the statute was

intended to be nonpunitive).

Under the framework the Supreme Court set forth in *Smith,* once the Court concludes that Congress intended "to enact a regulatory scheme that is civil and nonpunitive, [it] must further examine whether the statutory scheme is so punitive either in purpose or effect as to negate the State's intention to deem it civil." *Id.* at p. 92.  The only arguments Defendant offers to support his contention that SORNA is overly punitive in purpose or effect are generalized allegations that SORNA is different than the statute at issue in *Smith* and a specific claim that unlike the statute in *Smith*, Congress did not include findings that sex offenders have a "high risk of recidivism or that public notification would promote public safety."  (Doc. No. 40, pp. 11-12).

"[O]nly the clearest proof will suffice to override legislative intent."  *Smith*, 538 U.S. at 92.  The individual provisions of SORNA are primarily devoted to procedural issues such as enumerating ths specific information a sex offender must provide, granting the Attorney General the power to ensure the statutory requirements are implemented, and creating procedures to ensure information is disseminated.  Although SORNA requires sex offenders to provide detailed personal information and appear in person so that the jurisdiction can take a current photograph and verify their information, there is insufficient evidence to transform SORNA from a civil scheme into a criminal penalty.[4]  42 U.S.C. §§ 16914, 16916.  Thus, Defendant's *ex post facto* challenge is without merit.

---

[4]      The majority of other district courts addressing the issue have also held that SORNA is not an *ex post facto* law.  *E.g., United States v. Markel,* 2007 WL 1100416, (W.D. Ark. Apr. 11, 2007); *United States v. Manning,* 2007 WL 624037 (W.D. Ark. Feb. 23, 2007); *U.S. v. Templeton,* 2007 WL 445481 (W.D. Okla. Feb. 7, 2007); *United States v. Madera*, 474 F. Supp.2d 1257, 1264 (M.D. Fla. 2007).  The only case the Court has found holding that SORNA violates the *Ex Post Facto* Clause is *United States v. Smith,* --- F.Supp.2d ----, 2007 WL 735001 (E.D.Mich. Mar.8, 2007).  However, *Smith* is distinguishable from the instant case because the defendant in *Smith* traveled in interstate commerce before SORNA took effect, whereas Defendant traveled to Florida after SORNA took effect.  *Id.* at *7.  This crucial temporal distinction renders the specific holding

-8-

**III.**     **Defendant's Challenge Under the Due Process Clause of the Fifth Amendment**.

Defendant argues that SORNA deprives him of both his substantive and procedural due process rights because there is no mechanism for a hearing before he is compelled to comply with the Act's registration requirements and have his name disseminated over the internet. (Doc. No. 40, p. 12). Defendant specifically contends that he is entitled to "a hearing to assess [his] rate of recidivism or current dangerousness." (*Id.*)

In *Connecticut Department of Public Safety v. Doe,* 538 U.S. 1 (2003), the Supreme Court addressed a Fourteenth Amendment Due Process challenge to Connecticut's sex offender registration and notification law because it did not provide registrants a predeprivation hearing to determine whether they were currently dangerous. In that case, the Supreme Court reasoned that "due process does not require the opportunity to prove a fact that is not material to the State's statutory scheme." *Id.* at p. 4. Because Connecticut's registration requirement was "based on the fact of previous conviction, not the fact of current dangerousness," the Supreme Court held that "due process does not entitle [a defendant] to a hearing. . . ." *Id.* at pp. 4, 7.

SORNA defines a "sex offender" as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). Although sex offenders are classified into one of three tiers depending on the severity of the offense and their classification subjects them to slightly different registration requirements, a offender's tier is determined by the nature of his past conduct, not his risk of recidivism or current level of dangerousness. *See* 42 U.S.C. § 16911(2)-(4). Additionally, the lowest classification is a "catch all" for all sex offenders who fall within the general definition of

---

of *Smith* inapplicable to the instant case because that case held that SORNA "does violate the ex post facto clause, insofar as the Government seeks to apply it to a defendant who *traveled* in interstate commerce prior to July 27, 2006. . . ." *Id.* (emphasis in original).

sex offender but outside the specific requirements of the higher tiers.  *See* 42 U.S.C. § 16911(1), (2).

Therefore, the Court finds that the Defendant's potential for recidivism or current dangerousness are

not material to SORNA.  Thus, principles of procedural due process do not require a hearing for

Defendant to argue these issues.  *Conn. Dept. of Pub. Safety v. Doe,* 538 U.S. at 7.

      Defendant's substantive due process challenge also fails.  Defendant's substantive due

process argument is as follows:

> This [the alleged deprivation of procedural due process], in turn, can lead to a
> violation of his substantive due process rights because he (or any other individual)
> may be deprived of liberty when his name is listed on the state and federal registries
> and is compelled to comply with the other reporting/registration portions of the Act,
> even if he had not actually been convicted of an offense that Congress listed as a
> qualifying "sex offense" in SORNA.

(Doc. No. 40, p. 13).  First, there is no procedural due process violation.  Second, Defendant has

been convicted of a sex offense as defined by the language of SORNA.  (Doc. No. 23, p. 1); 42

U.S.C. §  16911.  Finally, Defendant's substantive due process challenge is without merit in any

event.  In a case involving a Fourteenth Amendment Due Process challenge to the State of Florida's

sex offender registration law, the Eleventh Circuit held that a sex offender's right to refuse to

register his personal information does not implicate a fundamental right and must be analyzed under

a rational basis standard.  *Doe v. Moore,* 410 F.3d 1337, 1344-45 (11th Cir. 2005).  There is no basis

for the Court to conclude that a Fifth Amendment Due Process challenge should be analyzed under

a different standard.

      Under a rational basis standard, an act is constitutional unless one can prove it is not

rationally related to a legitimate government interest.  *Id.* at 1345.  The Court declines to find that

SORNA is not "rationally related to legitimate government interests."  *Accord id.* at 1345-46 (noting

that legislative acts are rarely unconstitutional under a rational basis test and holding that the State

of Florida's sex offender registration law did not violate the substantive due process component of the Fourteenth Amendment).

**IV.    Defendant's Challenge Under the Commerce Clause**.

Title 18 U.S.C. Section 2250(a)(2) requires that a sex offender travel in interstate or foreign commerce in order to be prosecuted for the federal crime of failure to register.  Defendant contends that the statute violates the Commerce Clause, Article I, Section 8, clause 3 because there is no jurisdictional nexus between the crime and interstate commerce.  (Doc. No. 40, p. 10).

The Commerce Clause grants Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes."  U.S. Const. Art. I, § 8, cl. 3.  The Supreme Court has construed this language broadly such that Congress may properly regulate: (1) "the use of channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities;" and (3) "those activities that substantially affect interstate commerce." *United States v. Lopez,* 514 U.S. 549, 558-59 (1995).   Statutes are rarely invalidated under the Commerce Clause, and Congress is given wide latitude to regulate conduct under this provision. *See United States v. Morrison,* 529 U.S. 598, 607-08 (2000).   Courts may "invalidate a congressional enactment only upon a plain showing that Congress has exceeded its constitutional bounds." *Id.* at 608.

Defendant cites no legal support for his argument that the imposition of criminal penalties in the instant case would violate the Commerce Clause.  (*See* Doc. No. 40, p. 10).   Instead, Defendant merely cites cases explaining that a regulated activity must have some jurisdictional nexus to interstate commerce and argues that because "the statute fails to require that the individual traveled in interstate commerce with intent to commit a specified crime, it does not meet the

requisite jurisdictional nexus to affect commerce." (*See id.*)  In essence, Defendant's argument is that SORNA is unconstitutional under the third prong of *Lopez* because there is has been no showing that sex offenders traveling between states substantially affects interstate commerce.  (*Id.*)

In response, the Government notes that there is no need to consider the Defendant's argument with respect to third prong of *Lopez* because sex offenders are "persons or things in interstate commerce." (Doc. No. 41, pp. 12-13 (emphasis omitted)).  Thus, the Act is constitutional under the second prong of *Lopez*.  (*Id.*)  Alternatively, the Government contends that the Act regulates activities that substantially affect interstate commerce.  (Doc. No. 41, pp. 13-15).

Defendant's facial challenge is without merit because Congress may regulate those individuals or things that travel in interstate commerce without regard to the reason for their movement.  *Lopez,* 514 U.S. at 558.  Title 18 U.S.C. Section 2250(a)(2) imposes registration requirements on convicted sex offenders who travel in interstate commerce.  Thus, the statute has a jurisdictional nexus. *United States v. Templeton,* 2007 WL 445481, *4 (W.D. Okla. Feb. 7, 2007). The statute is constitutional on its face because it falls within the second category set forth in *Lopez*. Therefore, there is no need to address Defendant's facial challenge under the third prong of *Lopez*.[5]

With respect to Defendant's "as applied challenge," the statute does not require a defendant to travel in interstate commerce with the intent to commit a crime, nor is there any requirement that it must do so.  18 U.S.C. § 2250.  The Indictment alleges that Defendant is a convicted sex offender who traveled in interstate commerce after SORNA's effective date.  (Doc. No. 23, p. 1).  Therefore, the Indictment is clearly sufficient as it is applied to Defendant.

---

[5]       Although the Court finds it unnecessary to address whether SORNA is constitutional under the third prong of *Lopez*, it notes that other district courts have found SORNA constitutional on this basis. *E.g., United States v. Madera,* 474 F. Supp.2d 1257, 1265 (M.D. Fla. 2007).

**Conclusion**

Based on the foregoing, Defendant's Motion to Dismiss Indictment (Doc. No. 40) is

**DENIED.**

**DONE** and **ORDERED** in Chambers in Orlando, Florida on May 22, 2007.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Derick Mason