**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**                                                                    **Case No. 6:07-cr-52-Orl-19GJK**

**DERICK MASON**

_____

**ORDER**

This cause came for consideration without oral argument on the Motion of Defendant for Reconsideration of the Court's Order denying Defendant's Motion to Dismiss Indictment (Doc. No. 83, filed Apr. 21, 2008.)[1]

Although no statute or rule expressly provides for the filing of a "motion for reconsideration" in criminal cases, "federal district courts necessarily have substantial discretion in ruling on motions for reconsideration." *United States v. Gupta*, No. 98-6118-CR, 2002 WL 34216139, at *4 (S.D. Fla. Oct. 18, 2002) (vacated on other grounds) (citing *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000); *Sussman v. Salem, Saxon & Nielsen*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)). The appropriate grounds for granting reconsideration include: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.* (citing *Groover*, 90 F. Supp. 2d at 1256; *Sussman*, 153 F.R.D. at 694.)

---

[1] Defendant's plea agreement reserves the right to have the Court's ruling on his Motion to Dismiss his indictment reviewed on appeal. (Doc. No. 56 at 2, filed July 13, 2007.) For purposes of this Order, the Court will assume without deciding that this term of the plea agreement implicitly allows Defendant to move for reconsideration of the Court's ruling on his Motion to Dismiss the indictment. However, the Court notes that this issue is not determinative of the outcome and that the Government has not yet responded to Defendant's Motion for Reconsideration.

On May 22, 2007, this Court denied Defendant's Motion to Dismiss his indictment. (Doc. No. 44); *United States v. Mason*, 510 F. Supp. 2d 923, 933 (M.D. Fla. 2007). In this Motion, Defendant had argued that the Sex Offender Registration and Notification Act ("SORNA"),[2] also known as the Adam Walsh Act, was unconstitutional in violation of the "non-delegation doctrine," the Ex Post Facto Clause, U.S. Const. art. I, §9, cl. 3, the Due Process Clause of the Fifth Amendment, and the Commerce Clause, U.S. Const. art. I, § 8, cl. 3. (Doc. No. 44 at 4-12.) Recently, Judge Presnell of this Court issued an Order finding SORNA unconstitutional due to Congress' lack of power to regulate sex offender registration under the Commerce Clause. *United States v. Powers*, No. 6:07-cr-221-GAP-KRS, *slip op.* at *3-10 (M.D. Fla. Apr. 18, 2008). Defendant requests that this Court review its decision in light of the Order in *Powers* "to preserve the issue for further review by this Court as well as any potential appellate review." (Doc. No. 83 at 1.)

Defendant is presumably moving for reconsideration based on "an intervening change in controlling law" or "the need to correct clear error or manifest injustice." *Gupta*, 2002 WL 34216139, at *4. Neither ground warrants reconsideration in this case.

The decisions of another district court judge do not control this Court. *McGinley v. Houston*, 361 F.3d 1328, 1331 (11th Cir. 2004) ("The general rule is that a district judge's decision neither binds another district judge nor binds him, although a judge ought to give great weight to his own prior decisions. A circuit court's decision binds the district courts sitting within its jurisdiction while a decision by the Supreme Court binds all circuit and district courts." (internal citations omitted)). Thus, Judge Presnell's Order did not alter the controlling law for this District.

---

[2]    Pub. L. No. 109-248, 120 Stat. 587 (codified in scattered sections of 18 & 42 U.S.C.) (2006).

Secondly, the denial of Defendant's Motion was not clear error, and it did not result in manifest injustice. Even if this Court were to reconsider its Order in light of Judge Presnell's reasoning, the result would not change.

In *United States v. Lopez*, the Supreme Court explained that Congress may properly enact legislation under its commerce powers in three broad categories: (1) to regulate use of the channels of interstate commerce; (2) "to protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities"; and (3) to regulate activities having a substantial effect on interstate commerce. *United States v. Lopez*, 514 U.S. 549, 558-59 (1995). Judge Presnell found that Congress lacked power under the third prong to enact SORNA because sex offender registration is a non-economic activity that does not have a substantial effect on interstate commerce. *Powers*, *slip op.* at 7. Relying heavily on *Lopez* and *United States v. Morrison*, 529 U.S. 598, 609 (2000), Judge Presnell concluded that the Supreme Court's previous rejection of "the argument that Congress may regulate, non-economic, violent criminal conduct based solely on that conduct's aggregate effect on intestate commerce" was fatal to the statute. *Id.* at 6-7 (quoting *Morrison*, 529 U.S. at 617). Judge Presnell further concluded that SORNA's jurisdictional requirement that a sex offender "travel[] in interstate or foreign commerce" did not preserve SORNA's constitutionality because the jurisdictional requirement was "superficial and insufficient to support a finding of substantial [e]ffect on interstate commerce."[3] *Id.* at 7.

---

[3] A number of other district courts have analyzed SORNA under *Lopez*'s third prong and come to the opposite conclusion. *United States v. Holt*, No. 3:07-cr-0630, 2008 WL 1776495, at *3 (S.D. Iowa Apr. 14, 2008); *United States v. Utesch*, No. 2:07-cr-105, 2008 WL 656066, at *14-15 (E.D. Tenn. Mar. 6, 2008); *United States v. Dixon*, No. 3:07-cr-72(01)RM, 2007 WL 4553720, at *5 (N.D. Ind. Dec. 18, 2007); *United States v. Madera*, 474 F. Supp. 2d 1257, 1265 (M.D. Fla. 2007).

However, Judge Presnell's Order gave only cursory treatment of the reasoning of this Court and a number of others that have upheld SORNA's constitutionality: that the enactment of SORNA was a valid use of Congress' power to "protect the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities."[4] (Doc. No. 41 at 10 (citing *Lopez*, 514 U.S. at 558-59)).[5] SORNA's jurisdictional element brings the Act squarely within *Lopez*'s second prong.[6] Soon after *Lopez* was decided, the Eleventh Circuit ruled that Congress may use a jurisdictional provision in a federal criminal statute to bring the statue within the commerce power. *United States v. McAllister*, 77 F.3d 387, 389-90 (11th Cir. 1996)

---

[4] Although this language could be interpreted to permit Congress to only pass laws that *protect* people or things in interstate commerce, rather than regulate the conduct of people or things that have moved in interstate commerce, the Eleventh Circuit has appeared to adopt the second, broader interpretation. *See United States v. Ballinger*, 395 F.3d 1218, 1227 (11th Cir. 2005) (upholding a federal statute that criminalized the arson of churches under the first two prongs of *Lopez* without analyzing whether the arson of churches affected interstate commerce because it was sufficient that the statute required the arsonist to move through the channels of interstate commerce).

[5] *See also* Wayne A. Logan, *Sex Offender Registration and Community Notification: Past, Present, and Future*, 34 New Eng. J. on Crim. & Civ. Confinement 3, 8 (2008) ("[A]s several lower federal courts have lately concluded, the Court could well opt to uphold the federal provision by invoking Congress' Commerce Clause authority based on an alternate rationale identified in Lopez, which allows regulation of 'persons or things in interstate commerce.'"); *United States v. Gillette*, Crim. No. 2007-0050, 2008 WL 943265, at *8 (D. V.I. Apr. 7, 2008); *United States v. Akers*, No. 3:07-cr-00086(01)RM, 2008 WL 914493, at *3 (N.D. Ind. Apr. 3, 2008); *United States v. Hacker*, no. 8:07-cr-243, 2008 WL 312689, at *6-7 (D. Neb. Feb. 1, 2008); *United States v. Beasley*, No. 1:07-cr-115-TCB, 2007 U.S. Dist. LEXIS 85793, *28-29 (N.D. Ga. Oct. 10, 2007).

[6] *Lopez* itself apparently gave Congress a valuable lesson in the use of jurisdictional provisions in federal statutes. In *Lopez*, the Court struck down the Gun-Free School Zone Act in part because the Act had no jurisdictional requirement that the crime involve interstate commerce. *Lopez*, 514 U.S. at 561-62. Soon after, Congress amended the Act to require that the gun in possession previously traveled through or otherwise affected interstate commerce. 18 U.S.C. § 922(q). Since the amendment, the Act has been upheld. *United States v. Dorsey*, 418 F.3d 1038, 1046 (9th Cir. 2005); *United States v. Danks*, 221 F.3d 1037, 1039 (8th Cir. 1999); *but see United States v. Hoffmeyer*, No. 00-CR-91-C, 2001 WL 34372871, at *18 (W.D. Wis. 2001) (disagreeing with *Danks* and recommending in a report and recommendation that a motion to suppress be granted).

(upholding 18 U.S.C. § 922(g) which criminalizes a convicted felon's possession of a firearm that has traveled in interstate commerce); *see also United States v. Shivers*, 390 F. Supp. 2d 1067, 1068 (N.D. Fla. 2005) (reconciling *McAllister* and *Lopez*). In such cases, the crime need only have a "minimal nexus" to interstate commerce to survive facial review. *Shivers*, 390 F. Supp. 2d at 1068 (citing *United States v. Scott*, 263 F.3d 1270, 1273-74 (11th Cir. 2001); *United States v. Dupree*, 258 F.3d 1258, 1259 (11th Cir. 2001); *United States v. Chisholm*, 105 F.3d 1357, 1357-58 (11th Cir. 1997)); *see also Ballinger*, 395 F.3d at 1227.

In this case, the crime of failing to register as a sex offender has, at the very least, a minimal nexus with interstate commerce. The harm perceived and addressed by SORNA was the ability of convicted sex offenders to disappear "off the radar screen" by moving across state lines to a new jurisdiction. *See* 42 U.S.C. § 16901 (explaining Congress' intent to "protect the public from sex offenders" and listing seventeen instances where children were abducted and murdered); Statement by the President, 2006 U.S.C.C.A.N. S35. Interstate travel and the movement through the channels of interstate commerce are inherent in this threat.[7]

At least one District Court within the Eleventh Circuit has noted the "tension" between the "minimal nexus" rule and the more substantive approach reflected in "third prong" Supreme Court cases such as *Morrison*. *See Shivers*, 390 F. Supp. 2d at 1069.[8] Certainly, Judge Presnell's detailed

---

[7] Judge Presnell's Order concludes that "it is clear that Congress did not believe that mere travel by sex offenders was not an ill that requi[r]ed its attention, as the statute does not require sex offenders to notify authorities before they travel, or even to register in every state they visit." *Powers*, *slip op.* at 8. Although Congress may have created a policy gap by failing include such requirements in SORNA, it does not necessarily follow that this shortcoming is sufficient to defeat the crime's nexus with interstate commerce.

[8] In *Shivers*, Judge Hinkle noted that:

discussion of *Lopez* and *Morrison* also illustrates this disconnect. However, it remains the law of this Circuit that a statute containing a jurisdictional element is constitutional so long as the crime has a minimal nexus with interstate commerce. *Scott*, 263 F.3d at 1273-74; *see also Ballinger*, 395 F.3d at 1228 n.5. Accordingly, the Court respectfully disagrees with Judge Presnell's reasoning on this issue.

The Motion of Defendant for Reconsideration of the Court's Order denying Defendant's Motion to Dismiss Indictment (Doc. No. 83, filed Apr. 21, 2008) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this ___24th____ day of April, 2008.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

---

> If the slate were clean, much could be said for the view that the Commerce Clause should be applied based on the substance of an event at issue and the real effect of that event--or the overall effect of events of that type--on interstate commerce. On this view, it would not matter so much that a firearm might have crossed a state line in 1909, which may be all the government can--or need--prove in the case at bar.

*Shivers*, 390 F. Supp. 2d at 1068-69.

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Derick Mason